## Thomas H. Price, Appellant, *v.* Frederick Hamscher.

*Practice, C. P.—Charge of court— Opinion of judge.*

While a judge may not decide a disputed question of fact when the averments of the parties in its support or denial are sustained by reasonable proof, he may express his opinion respecting the evidence, and at times it is his duty to do so.

In an action to recover for money loaned, defendant alleged that the money had been paid to him by plaintiff as wages and not as a loan. The evidence showed that plaintiff was to receive one third the amount recovered in an action which the defendant had brought against a former employer for injuries received in the course of his employment. Defendant testified that he had been induced to leave his former employer and bring that action by the repeated solicitations of the plaintiff, who promised to take him into his service and pay him wages until the termination of the litigation. When plaintiff was asked whether he had a financial interest in the damage suit he evasively answered, " I did not attend the courts, I was not down there." To the direct question whether he was present at the trial, he stated that he did not testify in the case ; that he had not been a witness. The record showed that he had been in attendance as a witness on a number of occasions when the case had been continued and had claimed witness fees. *Held*, that it was not error for the court to call the attention of the jury to the plaintiff's testimony, and to express an opinion as to its truthfulness.

Argued Jan. 14, 1896.    Appeal, No. 40, July T., 1895, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1893, No. 129, on certificate for defendant.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.    STERRETT, C. J., dissents.

Assumpsit to recover money alleged to have been loaned by plaintiff to defendant.

At the trial defendant claimed that the money paid to him

had been on account of wages which he was to receive at the rate of $12.00 a week, and that the plaintiff was indebted to him for a portion of the wages unpaid. Defendant testified that he had formerly been in the employment of a Mr. Plumb, and while in such employment had received a serious injury; that plaintiff, who was a practicing physician, had persuaded him to bring a suit against Plumb for damages, and had promised to take defendant into his service and pay him wages until the termination of the litigation; that plaintiff was to receive one third of the damages recovered.

The court charged as follows:

This case has been so elaborately and well presented to you, both by the evidence and the argument of counsel, that it will not be necessary for me at this late hour of the day, to say more than what I conceive to be my duty to say to you. This is simply a question as to a claim for a certain amount of money which was loaned by the plaintiff from time to time in various sums, and amounting to the amount claimed by the plaintiff.

The defense is that the money was not loaned or given for the purpose of being returned, but that it was paid to the defendant as wages, for at the time he received the money he was in the employment of the plaintiff at $12.00 a week. Now, the evidence is so contradictory and so positive that it cannot be referred to as mere mistake on the part of the parties to this suit. On one side or the other there is deliberate, willful false swearing as to the important matter in this case, and that is perjury, and wherever you find that to be the case, you must utterly disregard the testimony which is based on such false swearing.

In all cases of this kind, where the testimony is positively contradictory, it is the duty of the jury, as far as they can, to consider all the facts of the case, all of the testimony in the case, in order to arrive at a fair and proper conclusion, in order to arrive at the truth of the matter.

[It is contended by plaintiff's counsel that the defendant's statement on the stand is contradictory in itself, and it is therefore unworthy of belief. On the other hand, it is alleged, and it is a fact in this case, that when the plaintiff himself was asked an important question in this case, he did not truthfully answer it, and it is established by the record in this case, because he was asked if he had been a witness in the preceding case he said he

was not.    The record of the case shows that he was there on two or three occasions, and a bill for his attendance was filed in each case, for his attendance as a witness, and a substantial and material witness in the case.] [1]

[I think that something was said by the doctor or by Mr. Eyre, that at an interview at some place, the doctor was there to receive his witness money in that case.    I do not recollect whether it was the doctor who said it, or whether it was Mr. Eyre, but it was so testified in the case, and it was so presented by counsel.] [2]

A witness who testifies, knowingly, falsely, especially if it is in relation to matter which is material and important to the case, where the jury are compelled to disregard the testimony of the parties themselves, and in this case the parties are the important witnesses to the most important part of this case, and that is as to the contracts which were entered into between them—I say when that occurs, it is the duty of the jury to consider all of the evidence in the case, and they might very readily come to a proper conclusion from that evidence, although they might disbelieve either or both.

If you come to the conclusion that this money was loaned, then, necessarily it was to be returned, and there need be no agreement where a person loans another money that it shall be returned.    The fact that it is loaned implies that it must be returned, and so it should be at the time mentioned in the loan, or at whatever time is agreed upon.

If you come to the conclusion that the plaintiff's case is established, and that he told the truth, then he is entitled to a verdict for the whole amount claimed by him.    On the other hand, if you are compelled to come to the conclusion that the defendant did not receive the money as a gratuity or as a loan, but received it as wages, then the verdict should be for the defendant.    And if the evidence shows that he is entitled to any more money than he received, then, when you render a verdict for the defendant, you ought to say how much the plaintiff is indebted to him for wages.

[A great deal has been said about the little book which was presented to you by the plaintiff, and I have only to say that to me it is consistent with both theories.    In the first place, it is consistent with the doctor's story that these were simply loans,

and if you look at it from time to time, and the amounts and all considered, it is consistent with the fact that the defendant was there for wages at $12.00 a week. A book of that kind is important testimony—if it is truthfully kept it is simply a record of the case. But you must recollect, gentlemen of the jury, that it is the easiest thing in the world for any party to make out a book of this kind if it is necessary to his interests. Therefore it is your duty, inasmuch as it is contended by the defense that the book itself shows evidence of manufacture or manipulation, to examine it, and if it presents any evidence at all of a willful alteration, or a willful fabrication, then any evidence supported by it in the plaintiff's case drops out of the case. If its gives evidence of being carefully and truthfully kept, then it becomes evidence to show that the amounts of money were given by the plaintiff to the defendant. But, as I have said, it is consistent with the contention of both sides. First, that it was money loaned for this defendant's necessities, and as the defendant contends, money paid to him in accordance with his contract with the plaintiff.] [3]

[My recollection of the testimony is that the direct question put to the plaintiff while on the stand was, " Were you a witness ? " and he said " No." It may be that I am mistaken, and that he said he did not testify, but if he so stated in answer to my question, it seems to me that a man who is anxious to be truthful would say at once, " But I did not testify, although I appeared upon several occasions as a witness."] [2] As I have not got the notes of testimony before me, you will rely upon recollection as to what his testimony was upon that point.

The jury returned a certificate for defendant for $305.80 upon which judgment was entered.

*Errors assigned* were, (1–3) portions of charge as above, quoting them; (4) that the charge of the judge as a whole was one sided, and biased against the plaintiff; that it wholly neglected to refer to the evidence and admissions in corroboration of his case and in contradiction of the defendant; that it misstated the testimony, and practically amounted to a direction to the jury to find the plaintiff a perjurer, while it utterly neglected to call attention to the improbability, inconsistencies and self-contradictions of the defendant's testimony.

*B. F. Hughes*, for appellant.—Instruction which is misleading is error: Branson v. Kitchenman, 148 Pa. 541; Garrett v. Gonter, 42 Pa. 143.

For any erroneous misstatement which may have misled the jury, the case must be reversed: Janney v. Howard, 150 Pa. 339; Steinbrunner v. Rwy. Co., 146 Pa. 504; Evans v. Mengel, 1 Pa. 68; Garrett v. Gonter, 42 Pa. 143; Sartwell v. Wilcox, 20 Pa. 117; Bogle v. Kreitzer, 46 Pa. 465; Haines v. Stouffer, 10 Pa. 363.

A charge, the tendency of which is to belittle and prejudice one side, and is not, in expression and tone, a judicial presentation of the case, is error: Heydrick v. Hutchinson, 165 Pa. 208; Pierson v. Duncan, 162 Pa. 187.

*William J. Smyth, Fred C. Simon* with him, for appellee.— It is not error for the trial judge to comment upon the evidence, or to express an opinion on the weight thereof, if the facts be left to the jury, nor will a mere expression as to the effect of the testimony be cause for reversal: Johnston v. Com., 85 Pa. 54; Bonner v. Herrick, 99 Pa. 220; Shovlin v. Com., 106 Pa. 369; Didier v. Penna. Co., 146 Pa. 582; Supplee v. Timothy, 23 W. N. C. 386; Fredericks v. North Cent. R. R., 157 Pa. 103; McKnight v. Matthews, 10 Cent. 287; Dimmick v. Sexton, 125 Pa. 334; Follmer v. McGinley, 146 Pa. 517.

The words, context and subject-matter of the whole charge, are to be taken into consideration and weighed together, and immaterial errors will not be held as ground for reversal: Hall v. Vanderpool, 156 Pa. 152; McCloskey v. Bell's Gap R. R., 156 Pa. 254.

OPINION BY MR. JUSTICE FELL, March 2, 1896:

In calling the attention of the jury to the contentions of the parties the learned judge said that it was alleged and that it was a fact in the case that the plaintiff had not answered truthfully an important question asked him in the course of the trial. At the end of the charge, when presumably his attention had been called to the subject by counsel, the judge stated his recollection of the testimony and the reasons upon which his conclusion was based. These two parts of the charge are brought together in the first specification of error, and as they

appear out of their connections they do not properly represent what took place. With the latter instruction the jurors were distinctly told to rely upon their own recollection of what the testimony was. This part of the instruction is entirely omitted.

The effect of the instruction complained of was doubtless prejudicial to the plaintiff. Did it do him an injustice by withdrawing from the jury a disputed question of fact or by presenting a conclusion not fairly warranted? While a judge may not decide a disputed question of fact when the averments of the parties in its support or denial are sustained by reasonable proof, he may express his opinion respecting the evidence, and at times it is his duty to do so : Repsher v. Wattson, 17 Pa. 365 ; Kilpatrick v. Commonwealth, 31 Pa. 198 ; Leibig v. Steiner, 94 Pa. 466 ; Didier v. Pennsylvania Co., 146 Pa. 582 ; Heydrick v. Hutchinson, 165 Pa. 208. In Leibig v. Steiner, supra, it was said, citing Bitner v. Bitner, 65 Pa. 347, " Very strong expressions of opinion on the facts are tolerated, indeed sometimes may be necessary. Even entire accuracy in the statement of facts may not be obtained, yet, if the case is left fully and clearly to the jury, under instructions not calculated to mislead, there is no fatal error."

The action was to recover for money loaned. The defendant admitted the receipt of the money, but claimed that it had been paid him as wages. The conflict in the testimony of the parties could not be accounted for on the ground of a misunderstanding or failure of recollection as to the terms of the agreement. One or the other was willfully wrong. The circumstances of the payment, the nature of the services rendered and the relation of the parties to each other were important in arriving at the truth, and they were the subject of thorough investigation. The plaintiff was interested in the result of an action which the defendant had brought against a former employer to recover for injuries received in the course of his employment. He was to receive one third of the amount recovered. The only consideration for this agreement was the aid to be rendered in the litigation. The defendant testified that he had been induced to leave his former employer and bring the action by the repeated solicitations of the plaintiff, who promised to take him into his service and pay him wages until the termination of the litigation. The plaintiff evidently desired to suppress the fact of

his connection with and interest in the action. To the question whether he had a financial interest in the suit he gave the evasive answer : " I did not attend the courts." When asked what he had to do with the case he answered : " I was not down there." To the direct question whether he was present at the trial he answered : " No, sir, I did not testify in that case." And to the question whether he had been a witness he replied : " No, sir." It was shown by the record, the accuracy of which was not disputed, that he had been in attendance as a witness on a number of occasions, and that a claim for his fees as a witness had been made for four days' attendance. It is admitted that he attended court as a witness in the case, but it is argued that as he was not present at the trial, but only on occasions when the case was not reached, his statement that he had not testified and was not present at the trial was literally true. He said however that he had not attended the court, and all his answers were intended to create the impression that he had not been in attendance as a witness. If not literally untrue, all these answers were evidently designed to create a false impression. The plaintiff, whose duty as a witness it was to tell the whole truth, has little ground for complaint if the court failed to observe the distinction between conveying a false impression and telling an untruth. It was not error to call the attention of the jury to this testimony, and to express an opinion concerning it. In doing so the learned judge withdrew no fact from their consideration. It was distinctly left to them to determine what had been said and what inference should be drawn.

The judgment is affirmed.

STERRETT, C. J., dissents.