# Garver et ux., Appellants, *v.* Lightner.

*Appeals—Trial—Request for charge—Omission to call attention to mistake—Waiver.*

· 1. Where a trial judge makes a comment upon the testimony of a witness, and it appears that the criticism might have been differently and better expressed, the appellate court will not reverse, where it appears that no objection was made at the trial, although the trial judge both at the end of his charge, and subsequently, asked if counsel had any suggestions to offer.

*Appeals—Assignments of error—Page of record—Charge—Answers to points—Exceptions.*

2. Assignments of error to excerpts from charge and answers to points are improper, if they fail·to set forth the page in the printed record where the excerpts and answers appear, or if they fail to show exceptions.·

*Appeals—Charge as a whole—Questionable statements.*

3. While the appellate court may consider that many things in a charge might have been left unsaid, it will not reverse, where, upon a consideration of the charge taken as a whole, no error appears.

*Negligence—Landlord and tenant—Fall of porch — Defective foundation—Evidence—Death—Case for jury.*

4. In an action against a landlord to recover for the death of a tenant's daughter alleged to have been caused by the fall of a porch due to the defective original construction of its foundation, where the evidence is contradictory, the case is for the jury, and a judgment on a verdict for defendant will be affirmed.

Argued October 3, 1922.    Appeal, No. 42, Oct. T., 1922, by plaintiffs, from judgment of C. P. Lawrence Co., June T., 1919, No. 12, on verdict for defendant, in case of George Garver and Ida B. Garver v. Henry F. Lightner.    Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass for death of plaintiffs' daughter.    Before PRATHER, P. J., specially presiding.       .

The opinion of the Supreme Court states the facts.

VOL. CCLXXV—26

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were various rulings and instructions, quoting but not giving the pages of the record nor showing exceptions.

*James A. Chambers,* with him *George W. Muse,* for appellants.

*J. Roy Mercer,* of *Weingartner & Mercer,* with him *Robert K. Aiken* and *W. Walter Braham,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1923:

Plaintiffs sued to recover damages for the death of their daughter, Marie Garver, aged fourteen. The jury found a verdict for defendant, on which judgment was entered, and plaintiffs have appealed.

Defendant owned a tenement house, at New Castle, Pa., which he built in 1914. This building, consisting of three stories, was erected on a hillside, at the top of which was the end of the opened part of a street, from which one entered the third-story porch. Each floor had its own porch, and constituted a separate apartment; the lower ones were reached by descending stairways, running from one porch to the next, but extending beyond. The stairways were broken by landings, the last of them situated some six feet above the lowest porch, and supported by a brick column, 13 inches square and about 3½ feet in height, resting on a foundation in the hillside. This lowest apartment was occupied by a married sister of the deceased girl; and, on December 6, 1918, the latter, when visiting the former, and assisting her with some domestic work, went out on the porch of that part of the house; while there, the brick column fell, carrying the girl down the hillside and so injuring her that she died shortly thereafter.

There was no witness to the accident, but plaintiffs contended that an insufficient foundation caused the collapse of the pier, to which defendant answered that this could not be so, because the brick column had been erected by him on "a firm foundation," and, if it "became insufficient and insecure to support the pier, that was by reason of......material in and near the foundation being removed by the tenant or tenants or other person, and thereby causing said pier to fall." Defendant further contended, and gave evidence to prove, that he had never received notice of any defects in the pier or its foundation, and knew of none. The pleadings, the evidence and the whole record of the trial clearly show that the real issue between plaintiffs and defendant turned on the question of the sufficiency of the foundation for the pier, both sides producing witnesses who gave evidence to support their respective contentions in that regard.

One of the witnesses for plaintiff, a contractor and bricklayer, who appeared as an expert, expressed the opinion, in answer to a hypothetical question, that the foundation described therein was insufficient to carry its load; he said it might well have been adversely affected by "the elements,—freezing and thawing." On cross-examination, counsel for defendant was allowed to ask the witness what effect it would have if the foundation were in fact "covered by dirt, to a depth of two or three feet." The reply was, "if it were below the frost line, which would be three feet......it would be protected." In answer to other questions, this witness further stated that, if the foundation was built in 1914, and, on examination in 1918, was found to be intact, he would say the elements had not disturbed it. This line of cross-examination was justifiably founded on evidence produced by defendant, and we cannot hold it reversible error for the trial judge to remark, during the course of his charge, that the testimony of the witness was "somewhat weakened," on cross-examina-

tion, by his "qualifying somewhat" the positive opinion previously expressed by him; although it would have been more nearly correct had the judge told the jurors it was for them to consider whether the witness's testimony had not been weakened by the cross-examination, rather than apparently to express a view on this point. At the time of the trial, however, the matter was probably considered of no material moment, for, both at the end of his charge, and subsequently, after answering the requests, the judge asked if counsel had any suggestions to offer, and this slip was not called to his attention,—nor, in fact, were any of the other matters now urged as error.

As previously said, the trial turned upon the question of the sufficiency of the foundation to hold the pier, which fell and killed the deceased. The judge, in his charge to the jury, reviewed the evidence in a general way, and then, addressing counsel, asked, "Is there some particular matter on the part of the plaintiffs or the defendant that you wish me to call to the attention of the jury?" to which no response was made. Following this, he instructed the jurors on the law, telling them, with unnecessary elaboration, that a landlord, in the absence of a covenant to that effect in the lease, was not bound to keep rented premises in repair; but, immediately after, adding that the rule to which he referred did not "strictly answer this case," and calling attention to the fact that "it is contended upon the part of plaintiffs the pier never was constructed properly......but was constructed in such a way that it was......liable......to come down at any time,......owing to the ordinary weather conditions prevalent in this vicinity." Then he told the jurors, if they were convinced, by the weight of the evidence, the pier was "left in an unsafe and unstable condition.....such that a man of ordinary prudence,..... having proper regard to the safety of persons living in his premises, or lawfully upon them, as the girl was in this case," would not have so left it, then plaintiffs could recover; on the other hand, if such was not the case, they

could not recover. When the charge is taken as a whole, while things were said therein which might well have been left unsaid, we find no reversible error.

The presiding judge affirmed all of plaintiffs' requests; and, considering the issues raised and the course of trial, we think the answers to defendant's points unobjectionable.

It is true the building here in question was occupied in common by several tenants; but this case was not tried on the theory that defendant was liable because he had failed to keep in proper repair a general passageway through his property. Moreover, even had such been the theory at trial, there was neither allegation nor proof of a lack of repair, both the pleadings and evidence going to the construction of a foundation insufficient, under the circumstances, to support, and continue to support, its superstructure, as we have before stated.

Finally, we call attention to the fact that none of the assignments of error shows the page in the printed record where the excerpts from the charge and the answers to points, of which appellants complain, may be found; nor do they show that such excerpts were excepted to, both of which omissions render the assignments ineffective. We have examined the entire record, however, and have covered all the points of any importance suggested by appellants; in none of them do we find reversible error.

The assignments are dismissed, and the judgment is affirmed.