## Jones *v.* Quaker City Cab Company, Appellant.

*Practice, C. P.—Rules—New trial—Appeals.*

The granting or refusal of a rule for a new trial is a matter for the discretion of the court.

The appellate court will only examine the evidence to ascertain if there has been an abuse of such discretion, and, in the absence thereof, the action of the lower court will be sustained.

Argued October 17, 1924. Appeal, No. 106, Oct. T., 1924, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1922, No. 4897, on verdict for the plaintiff in the case of Evan T. Jones v. Quaker City Cab Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court and in the following opinion of the court below discharging the rule for a new trial:

The statement of claim averred that the defendant, by its servant, agent or employee, was driving the automobile belonging to defendant, which came into collision with plaintiff's car. This averment was not denied, and the verdict of the jury established that the collision between the taxicab belonging to the defendant, and plain-

tiff's automobile, was caused by the negligence of the chauffeur of the cab.

That the taxicab was owned by the defendant company, that it was driven by a chauffeur who was an employee of the company, and at the time of the accident that he was engaged in the service of his employer is not disputed; but it is claimed that as it did not affirmatively appear in the presentation of plaintiff's side of the case that the taxicab was carrying passengers in the regular course of defendant's business at the time of the collision, a nonsuit should have been entered; and although the chauffeur of the taxicab, when called as a witness by defendant, testified that he was engaged in his employer's business at the time of the accident, it is urged that a judgment should be entered n. o. v.

The defendant, the Quaker City Cab Company, is a corporation engaged in the transportation of passengers for hire. The cabs are used for business purposes. When driven by an employee of the company the presumption is raised that the employee is acting in the line of his duty, under the ruling of the recent case of Stroman v. Penn Motors Corporation in the Superior Court of Pennsylvania, No. 174 of October Term, 1923, which was an appeal from Court of Common Pleas No. 4 of Philadelphia County. PORTER, J., said—"It was formally admitted by the defendant upon the trial that the truck was owned by the defendant, the Penn Motors Corporation. It is further admitted that the driver of this truck was employed by the defendant, the Penn Motors Corporation. Where, as here, the car is used for business purposes, the fact that it bears the name of the defendant and is driven by its employee, is sufficient to raise a presumption that it was driven by the employee in the line of his duty. In this respect there is a distinction between pleasure cars and business trucks. The former are not designed primarily for use in connection with the business of the owner and usually bear no outward evidence of ownership or the use to which they

are being put.   They may be driven by the owner for his pleasure, but frequently are driven by members of his family or friends or employees of the owner for their individual benefit or pleasure......On the other hand, business trucks are primarily designed and are generally used for the business of the owner, and, in case of accident, it is not unreasonable to require the owner, whose name appears thereon, to prove the exceptional case where the use was, in fact, for other purposes not connected with the defendant's business or for his benefit."

Instead of contradicting the presumption that the cab was driven by defendant's servant while acting in the line of his duty, defendant proved such was the fact. The entry of a nonsuit would have been error: Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340.

The case was fairly submitted to the jury, defendant has presented no convincing ground for setting aside the verdict; and there is no warrant for the entry of judgment n. o. v.

And now, to wit, this 2d day of February, 1924, it is ordered that the rule for new trial be discharged; and the motion for judgment n. o. v. be refused; and an exception allowed defendant to the action of the court.

Defendant appealed.

*Error assigned* was the refusal of defendant's motion for a new trial.

*Ward C. Henry,* and with him *Layton M. Schock,* for appellant.

*Jacob Weinstein,* and with him *Joseph J. Fischer* and *Martin Silvert,* for appellee.

PER CURIAM, October 20, 1924:

The only complaint is that the court below refused a new trial.   At the oral argument in this court, counsel for appellant frankly stated that he was unable to show

any abuse of discretion, contending, however, that this court should examine the evidence de novo; the rule is otherwise; his concession leaves nothing for our consideration; if the only complaint is that the court refused a new trial, this court will not interfere unless abuse of discretion is shown.

The judgment is affirmed.