## Calvey Motor Company *v.* Coyer, Appellant.

510

Argued March 2, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Edward J. Kelly,* with him *W. J. Fitzgerald, Clarence Balentine,* and *John P. Kelly,* for appellant.

*James W. McNulty,* with him *Michael J. Eagan* and *James J. Powell,* for appellee.

OPINION BY RHODES, J., April 16, 1936:

This case and the case of Calvey v. Coyer, 121 Pa. Superior Ct. 504, 184 A. 279, were tried together. In this case the plaintiff company, an auto sales agency, brought an action of assumpsit against the defendant, who was formerly president of the plaintiff company and one of its principal stockholders, to recover for cer-

tain merchandise alleged to have been sold to the defendant, and for certain services alleged to have been rendered to him individually. The jury before which the case was tried returned a verdict for the full amount of the plaintiff's claim. Defendant's motion for a new trial was refused. Defendant appeals from the judgment entered on the verdict.

Appellant first contends that the court below should have granted a new trial, because the verdict was against the weight of the evidence. We have carefully read and examined the evidence, which, although conflicting, is sufficient to support the jury's verdict. Plaintiff produced testimony that the appellant, while president of plaintiff company, ordered through it from the Supplee Biddle Hardware Co. $194.79 worth of table silverware, and authorized that the same be charged to him on the books of the plaintiff company; that the plaintiff serviced the appellant's car to the extent of a charge of $7.65, on February 3, 1927, which service was rendered after the appellant had ceased to be active as president of the plaintiff company, although he did not formally resign until February 5, 1927; that certain other services were rendered and articles sold by the plaintiff to the appellant, the evidence as to these services rendered and articles sold being conceded by the appellant to be sufficient to sustain the verdict as to such items.

The refusal of appellant's motion for a new trial, which was made on the ground that the verdict was against the weight of the evidence, is a matter largely within the trial court's discretion; and we will not reverse the trial court's action unless an abuse of that discretion clearly appears. Pfeffer et al. v. Johnstown, 287 Pa. 370, 375, 135 A. 127, 129; Hardy v. Millers Mutual Fire Ins. Ass'n, 293 Pa. 9, 141 A. 623; Jones v. Quaker City Cab Co., 84 Pa. Superior Ct. 80. The testimony was properly submitted to the jury, and it was for the jury to pass upon its value. See Trainer v. Fort, 310 Pa. 570, 577, 165 A. 232, 235. We find no abuse of dis-

cretion by the lower court in refusing appellant's motion for a new trial.

Appellant's first and second assignments of error are to the charge of the court. The first assignment is to the entire charge. The second assignment is to that portion of the charge where the court below referred to the duty of the plaintiff to prove his case by a preponderance of the evidence. Appellant complains that the charge was inadequate and misleading, because of the use by the trial judge of the expression "fifty-fifty," when he said in his charge: "In other words, if the case is fifty-fifty and the weight of the evidence is equal on both sides you do not take money away from one man and give it to another when his case is no stronger than he who says that the money shall not be taken away—if the case is fifty-fifty—if the weight of the evidence is fifty-fifty, your verdict must be for the Defendant." The trial judge, in the charge, plainly instructed the jury that it was the duty of the plaintiff to prove his case by the fair weight or preponderance of the testimony. Appellant's criticism is not well founded. We feel that the issue was fairly submitted to the jury, and that the charge of the court contains no basic or fundamental error. As held in the case of Casey v. Siciliano, 310 Pa. 238, 241, 165 A. 1, 2: "The charge must be considered as a whole, and, if when so considered the issues are fairly put up to the jury, the judgment will not be reversed, even though isolated portions of the charge may be the subject of criticism: Garver v. Lightner, 275 Pa. 401 [119 A. 482]; Price v. Hamscher, 174 Pa. 73, 78 [34 A. 546, 547]."

The trial judge, at the conclusion of his charge, asked counsel if he had misstated the evidence in any way, or if there was anything on which he had neglected to charge. Counsel made no request for additional instructions, and took no exception to any particular part of the charge. Although a general exception to the charge of the court was taken by the appellant, we find therein

no such error as requires the granting of a new trial, nor has any been assigned. See Mastel v. Walker, 246 Pa. 65, 92 A. 63; Fortney v. Breon, 245 Pa. 47, 91 A. 525; Klein et ux. v. Weissberg, 114 Pa. Superior Ct. 569, 174 A. 636.

Assignments of error are overruled, and judgment of the court below is affirmed.