EDWARD B. HOSMER & others *vs.* JONATHAN OLDHAM.

Suffolk. March 6. — May 26, 1877. ENDICOTT & SOULE, JJ., absent.

In an action defended by the assignees of a bankrupt, on the issue whether the bankrupt was insolvent at the time of a sale of goods to him, no exception lies to the exclusion of evidence of the schedule of his assets and debts, filed by him in the bankruptcy proceedings after the sale, in the absence of evidence that his condition did not change from the time of the sale to the date of the bankruptcy proceedings.

REPLEVIN of forty-four barrels of flour attached by the defendant, as a deputy of the sheriff of Suffolk, on a writ against George H. Dupee. The action was defended by the assignees in bankruptcy of Dupee.

At the trial in the Superior Court, before *Bacon,* J., the plaintiffs claimed the flour, on the ground that Dupee was insolvent and knew it when he made the purchase of the flour and obtained the same by fraudulent representations, and that Dupee, when he purchased the goods, was insolvent and intended not to pay for the same.

It appeared in evidence that the sale was made on November 20, 1874 ; that the defendant failed on November 27, 1874, and did not resume business afterwards · and that the assignees in bankruptcy were appointed on February 13, 1875. The plain-

tiffs offered in evidence a certified copy of the schedules of the assets and liabilities of Dupee, signed and sworn to by him in his petition in bankruptcy, for the purpose of showing his insolvency and his knowledge of his condition at the time of the purchase of the flour, and as tending to show his intention not to pay for the flour when he purchased it.

The judge excluded the evidence. The jury found for the defendant; and the plaintiffs alleged exceptions.

*D. F. Fitz*, for the plaintiffs.

*S. J. Thomas*, for the defendant.

MORTON, J.  The assignees of Dupee being the real defendants in this case, it was competent for the plaintiffs to put in the schedules of Dupee filed in bankruptcy, for the purpose of proving that he was insolvent at the time he filed them, if that fact was admissible.   The case is not like *Simpson* v. *Carleton*, 1 Allen, 109, cited by the defendant.   There it was held that in a suit by an assignee of an insolvent debtor to set aside a conveyance alleged to be a preference, he could not put in the schedules of the insolvent debtor, they being merely declarations in his own favor in disparagement of the title of his vendee.   But in a suit against him or his assignee, his admissions or declarations, if pertinent and material, are admissible in favor of the plaintiff. *Well:ngton* v. *Jackson*, 121 Mass. 157.

But the fact that Dupee was insolvent, at a time subsequent to the sale to him by the plaintiffs, was not competent to prove his insolvency at the time of the sale, unless it was shown that his situation had not materially changed between the two dates; or unless the insolvency was so near in point of time to the sale as fairly to lead to the inference that he was insolvent at the time of the sale.

This bill of exceptions does not show that there was any proof that Dupee's situation remained the same, or that his insolvency was not caused by losses after the sale.

Whether, in the absence of such proof, the insolvency was so near the sale as to make it admissible, was a question within the discretion of the presiding justice, to be exercised in view of all the circumstances of the case as they appeared at the trial.   The bill of exceptions, therefore, does not show that there was any **error** in matter of law.                    *Exceptions overruled.*