ALEXANDER B. CLARK, trustee, *vs.* ALICE J. MULCAHY.

Essex. November 8, 1905. — January 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bankruptcy. Evidence,* Remoteness, Book entries.

In a suit in equity by a trustee in bankruptcy against the wife of the bankrupt to set aside a conveyance made to her by the bankrupt more than two years and a half before the adjudication in bankruptcy, the plaintiff offered to show what the bankrupt's financial condition was in the month of January of a certain year, for the purpose of showing what his intention was when he purchased the property and had it conveyed to his wife in the previous April, and also for the purpose of showing his financial condition at the time of the purchase, but he did not offer to show that the bankrupt's liabilities in the January in question were

incurred in the previous April. The judge excluded the evidence as too re-
mote. *Held*, that the exclusion of the evidence was a proper exercise of judicial
discretion.

A ledger, incompetent because not a book of original entry, does not become com-
petent because it has been mutilated by tearing out certain pages, especially
where it is not shown that the original entries posted on those pages also have
been mutilated, and where the fact of the mutilation is immaterial.

MORTON, J. This is a bill in equity brought by the trustee
in bankruptcy of one Mulcahy against the wife of the bankrupt,
to recover property which it is alleged the bankrupt voluntarily
caused to be conveyed to her. Issues were submitted to a jury
and were all answered in favor of the defendant. A decree was
thereupon entered dismissing the bill with costs. The case is
here on exceptions by the plaintiff to the exclusion of evidence
offered by him in the course of the trial.

1. The conveyance which the plaintiff seeks to set aside was
made May 16, 1896, pursuant to an agreement of sale dated
April 24, 1896. Mulcahy was adjudicated a bankrupt Janu-
ary 3, 1899, more than two years and a half after the convey-
ance, and the plaintiff was appointed trustee on February 2,
1899. The plaintiff offered to show what the bankrupt's
financial condition was on January 1, 1897, for the purpose of
showing what his intention was when he purchased the prop-
erty and had it conveyed to his wife in April, 1896, and also
for the purpose of showing, as far as it might, his financial
condition at the time of the purchase. In ruling upon the
offer the presiding judge said, in substance, that he would
allow the plaintiff to show what the bankrupt's liabilities were
in January, 1897, if he could trace them back and show that
they were incurred in the previous April. The plaintiff ad-
mitted, in effect, that his offer was not to show that, and did
not allege that he could show that, and thereupon the presiding
judge excluded the evidence as too remote, after again stating
that he would allow the plaintiff to show, if he could, that the
liabilities of the bankrupt as they existed in January, 1897,
had accrued in the previous April, and after the plaintiff had
repeated his offer in substantially the same terms as before.
We think that the ruling was clearly right. What the bank-
rupt's financial condition was in January, 1897, did not neces-
sarily tend to show what his condition must have been in the

preceding April, or what his intent then was in buying the property and having it conveyed to his wife. The presiding judge properly excluded it in the exercise of his discretion as too remote. *Hosmer* v. *Oldham,* 122 Mass. 551. *Hackney* v. *Raymond Bros. Clarke Co.* 10 Am. Bankr. Rep. 213, 220. *Halbert* v. *Pranke,* 11 Am. Bankr. Rep. 620. The offer was made again later in the course of the trial, but was unaccompanied by anything which rendered the evidence any more admissible than before.

2. The fact that the ledger in use by the bankrupt in 1896 and closed in January, 1897, had been mutilated by tearing out the leaves containing the bankrupt's personal account, which was all that the plaintiff offered to show, did not render the ledger competent. The fact that the book had been mutilated threw no light upon any of the issues submitted to the jury, and was in itself immaterial. The book was rightly excluded.* So also was the evidence that was offered as to whether there was a cash surrender value to the life insurance policies carried by the bankrupt, and whether any money was paid to the trustee in bankruptcy under the policies. It was irrelevant and immaterial. The same is true of the schedule of creditors filed by the bankrupt on January 12, 1899, and of his indebtedness to A. B. Clark, the trustee in bankruptcy at that time.

3. The last exception relates to the exclusion of evidence relating to a lot of skins that had been sold to the bankrupt by Clark a few months before the bankruptcy. We are unable to see that it had anything to do with the issues on trial, and think it was rightly excluded.

The result is that the exceptions must be overruled.

*So ordered.*

*F. G. Preston,* for the plaintiff.

*T. Parker,* for the defendant, was not called upon.

---

* The judge excluded the ledger on the ground that it was not a book of original entry. In answer to a question from the judge the counsel for the plaintiff stated that he did not propose to show that the original entries, which were posted in the ledger, had been mutilated.