## McGlinn Distilling Co., Appellant, v. Dervin et al.

*Contracts—Goods sold and delivered—Death of purchaser—Evidence—Original entries—Receipts—Proof of deliveries—Oral testimony—Court and jury—Case for jury—New trial.*

1. However clear and indisputable may be the proof, when it depends upon oral testimony, it is the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, subject to the salutary power of the court to award a new trial if the verdict is contrary to the weight of the evidence.

2. In an action against a decedent's estate for goods sold and delivered to decedent during his lifetime and for the amount of a note, on which the deceased was an endorser, where although the handwriting on the note in the book of original entries showing the goods delivered, and on receipts for goods so delivered was identified as decedent's, the evidence was oral, the case was for the jury, and where the trial judge directed a verdict for the plaintiff, the lower court properly awarded a new trial.

Argued Jan. 22, 1918. Appeal, No. 286, Jan. T., 1917, by plaintiff, from order of C. P. No. 5, Philadelphia Co., Sept. T., 1915, No. 3224, making absolute defendant's rule for a new trial in the case of John McGlinn Distilling Company v. Helen Dervin and Owen Dervin, Executors of the Estate of Michael Dervin, deceased. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on promissory note and book account.

The facts appear in the following opinion by MONAGHAN, J.:

The action was in assumpsit. On the trial of the case, at the close of the defendant's testimony, the court gave

binding instructions in favor of the plaintiff, and the jury found a verdict for the full amount of the claim, $4,210.31.

The defendant was the executrix of Michael Dervin, deceased, at one time a customer of the plaintiff, which is in the wholesale liquor business. The plaintiff's claim was two-fold; first, to recover $2,119 with interest, for goods sold and delivered to Michael Dervin in his lifetime; and, 2d, to recover the proceeds of a judgment note, dated September 29, 1906, for $1,000, with interest; upon which note the name of Michael Dervin, the defendant's decedent, appears written under the name of Michael Mitchell, who is now deceased. The plaintiff's evidence concerning the sales and deliveries of liquors to Michael Dervin consisted of proving the handwriting in an alleged book of original entries called an order book, following this up with ledger entries; and offer to prove actual deliveries by plaintiff's teamsters; and a witness Haig was called to identify the handwriting of the decedent, and of other parties whom the plaintiff alleged signed the delivery receipts; and also endeavored to identify the handwriting of certain drivers, dead or absent, whose names were signed to the delivery receipts. The witness testified that the quantities of whiskey contained in the barrels alleged to have been delivered would be determined by the United States gaugers, who gave the figures to one of the plaintiff's clerks, who is now dead, and that this clerk then entered them in his book, and bills were made out for the same. No evidence was produced by the defendant to contradict the testimony produced by the plaintiff's witnesses. The plaintiff's testimony consisted largely of oral testimony; the evidence, for instance, of Haig, that certain books were original order books; that the handwriting of various parties since dead was the handwriting of said parties; that the United States gaugers determined how much whiskey was in a barrel, and gave the figures for the same to the clerk, who entered them in the books.

In Reel v. Elder, 62 Pa. 308, the court said: "However clear and indisputable may be the proof when it depends upon oral testimony, it is nevertheless the province of the jury to decide, under instruction from the court, as to the law applicable to the facts, and subject to the salutary power of the court to. award a new trial if they should deem the verdict contrary to the weight of the evidence."

In Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28, it was held, where a case depends on oral testimony such testimony must be submitted to the jury, in an action of ejectment where the plaintiff relies on the breach of a condition alleged to have been contained in a lost deed and offers the testimony of two witnesses as to the terms of the condition, although the defendant offers no testimony to contradict the testimony offered by plaintiff as to the contents of the lost deed.

In Lautner v. Kann, 184 Pa. 334, the court said: "......The credibility of a witness is for the jury, and they are not bound to accept his statements because he is unimpeached and uncontradicted by other witnesses. He may impeach and contradict himself on the witness stand, or the jury may believe that he is honestly mistaken......The question is for the jury and not for the court......"

In Trexler v. Africa, 33 Pa. Superior Ct. 395-407, it was said: "Our understanding of the law on this point, as settled by a long line of cases in our Supreme Court, followed by this court, is that where a plaintiff's case rests on oral testimony, the question of the credibility of a witness, even when uncontradicted, is for the jury. They may look at the witness, observe his manner of testifying, and the character of his testimony, and the circumstances under which he is testifying, and believe or disbelieve him as their best judgment dictates......"

In Bartlett v. Rothschild, 214 Pa. 421, which was an action in assumpsit and embraced the liability of an agent of a foreign insurance company, the court said:

"......It is never permissible in an issue of this kind for the court to direct a verdict for the plaintiff, except where the evidence is exclusively documentary and admittedly correct......"

"......Where the questions involved depend upon writings and the only purpose of the oral testimony is to complete the matter called for in the writings, shipment, receipt and acceptance, where the adverse party admits its completion, the credibility of the plaintiff's witnesses to support these facts is then withdrawn from the jury......": Lipper Mfg. Co. v. Morris & Co., 58 Pa. Superior Ct. 611.

But in this case the appellant admitted the acceptance and possession of the goods. In the present case there is no admission by the defendant of the delivery or the acceptance of the goods in controversy; and the defendant did not admit that the entries in the books were true and correct, or that the handwriting of the various parties necessary to establish that fact in order that the plaintiff might recover, were the handwritings of the proper parties. If all the facts produced by the plaintiff were true, the plaintiff would be entitled to recover, but it was clearly the province of the jury to pass upon such of the evidence produced by the plaintiff as was not admitted to be true.

After the charge, the court took away from the jury the consideration of this oral testimony in directing a verdict for the plaintiff by affirming the point of charge submitted by the plaintiff that "Under all the evidence in the case the verdict should be for the plaintiff." We are of opinion, therefore, that a new trial should be granted, and that the motion for judgment non obstante veredicto should be refused.

The lower court granted a new trial. Plaintiff appealed.

*Error assigned,* among others, was in granting a new trial.

*Henry A. Hoefler,* for appellant.

*James J. Breen,* with him *James J. McGrane,* for appellees.

PER CURIAM, February 25, 1918:
Upon the opinion of the court below, sustaining a motion for a new trial, its order is affirmed.