# Fuher, Appellant, v. Westmoreland Coal Co.

*Evidence—Contradiction of witness by physical facts—Case for jury—Mines and mining—Unlawful mining of coal—Statement of claim—Damages—Act of May 8, 1876, P. L. 142.*

1. Where the apparent weight of the evidence on a disputed fact is overwhelming, still, if there is countervailing evidence of it upon which the jury may make a finding, all the evidence must be for their consideration.

2. Exceptions to this rule have been made in cases where testimony stands opposed to physical facts admitted, or the evidence thereof is of such conclusive and unimpeachable nature as to amount to an admission.

3. While an appellate court may not be authorized to weigh evidence and pass upon disputed facts, it should use its judicial knowledge to bring about justice, and, where undisputed physical facts are clearly shown and it is demonstrated by the law of nature, by mathematics or the like that a finding is untrue and cannot be true, the appellate court is justified in reversing the trial court.

4. In an action to recover damages for the unlawful mining of coal, where the only evidence for plaintiff is that of one witness who testified that he crossed into plaintiff's land while mining coal for defendant, the case must go to the jury, although such testimony was in conflict with defendant's mine map.

5. Where, in an action to recover damages for unlawful mining of coal, the statement as a whole claims compensation for the coal taken and damages to the overlying surface, although it specifically claims double and treble damages under the Act of May 8, 1876, P. L. 142, the statement is sufficient upon which to ground the action for compensation.

Argued September 27, 1921.   Appeal, No. 30, Oct. T., 1921, by plaintiff, from judgment of C. P. Westmoreland Co., May T., 1919, No. 457, on verdict for defendant, in case of W. L. Fuher v. Westmoreland Coal Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for unlawful mining of coal.   Before MC-CONNELL, P. J.

The opinion of the Supreme Court states the facts.

Binding instruction for defendant.   Plaintiff appealed.

*Error assigned,* inter alia, was above instruction, quoting it.

*Charles C. Crowell,* with him *Rabe F. Marsh,* for appellant.—Where a plaintiff's case depends on oral testimony, however clear and indisputable, it must be submitted to the jury: Coyne v. Lackawanna Co., 53 Pa. Superior Ct. 603.   See also, Trexler v. Africa, 33 Pa. Superior Ct. 395; Horrell v. Reeves, 72 Pa. Superior Ct. 129; Phila. v. Ray, 266 Pa. 345; Harlow v. Boro., 194 Pa. 57; Fry v. Glass Co., 219 Pa. 514; Second Nat. Bank of Pittsburgh v. Hoffman, 229 Pa. 429; Kennelly v. Waropoyak, 266 Pa. 94.

*Paul H. Gaither,* with him *R. Kay Portser* and *R. Kirk McConnell,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 3, 1922:

Appellant seeks to recover damages for the unlawful mining, removal and conversion of coal, and for subsidence of the surface. At the close of the case the court below gave binding instructions for defendant, stating: "It must be shown defendant took the coal......If that has been shown it has been by the testimony of Frank Dugan, and by his testimony alone." This witness testified that, while mining coal for defendant, he crossed its line into the land of plaintiff, driving a coal entry nine feet wide to bench mark "X 42" on appellant's land. This, in substance, is the only competent evidence of any mining by appellee on appellant's premises. The court below disregarded this evidence because: (1st) it was in conflict with defendant's mine map, made under a law requiring certain records to be kept, showing the workings on its land, adjoining plaintiff's, confined wholly to its own land; (2d) Dugan's testimony, based on information from defendant's superintendent, was denied by the superintendent; (3d) plaintiff's engineer subsequently testified that if Dugan had run the entry straight it would have missed the bench mark by one hundred feet; and (4th), in conclusion, the only thing Dugan testified to was that coal would be found if the entry was extended beyond the limits of the Osborne tract down to the bench mark "X 42," and there were other means of discovering the trespass.

We have frequently said in cases where the apparent weight of the evidence on a disputed fact was overwhelming, still, if there was countervailing evidence of it upon which the jury might make a finding, all the evidence must be for their consideration. The jury had the undoubted right to weigh the evidence and pass on the credibility of the witnesses, where plaintiff's evidence, standing alone, would justify the inferences necessary

to support his claim. When the trial court passes on the weight of the evidence, giving judgment therefrom, it substitutes the judge for the jury as the tryer of facts. If the jury's verdict is against the weight of the evidence a new trial should be granted, and, when manifestly so, as often as the court, in all conscience, should deem it necessary. Under our jurisprudence, this is the only corrective remedy for a perverse verdict.

Exceptions to this rule have been made in cases where testimony stands opposed to physical facts admitted or the evidence thereof is of such conclusive and unimpeachable nature as to amount to an admission. While an appellate court may not be authorized to weigh evidence and pass upon disputed facts, it should use its judicial knowledge to bring about justice, and, where undisputed physical facts are clearly shown and it is demonstrated by the law of nature, by mathematics or the like, that a finding is untrue and cannot be true, the appellate court is justified in reversing the trial court: Lessig v. Reading Transit & Light Co., 270 Pa. 299, 302, 303; Hill v. P. R. T., 271 Pa. 232. Appellee urges the evidence before us presents such situation.

Gill, appellant's engineer, on cross-examination, states that along the perimeter of the mine-workings as shown by all maps, in a distance of 870 feet (which practically included the outer edge of appellant's workings) there was standing 710 feet of solid coal, and, if the entry, described by Dugan as No. 2, was projected straight, as he testifies, it would miss these operations by one hundred feet. If this evidence was clear and undisputed, the physical fact that coal stood continuously solid for 710 feet would condemn Dugan's story,—it could not be true. But Gill does not go so far; in the 870 feet there were 160 feet of refuse or gob piled in the workings and located at different points along this perimeter. He could not get behind them and was not able to state whether the coal remained standing there or was worked out. He locates eight piles of gob at various points,

some close to the place Dugan said he had entered.  Gill, in projecting entry No. 2 on defendant's map in the way he did, was merely following the direction of appellee's counsel.   Entry No. 2 on defendant's land is not straight; it might be said to be generally in a straight line, but here Dugan's evidence is subjected to a rigid literal construction, not justified by the language used or the other evidence in the case.   Gill further stated he did not know whether the workings under appellant's land, as shown by its map, were correct, and it is from that map the divergence was shown.   Gill's assistant did not agree with him on all matters to which he testified.

Too much stress was placed on appellee's mine map. It may be entitled to great probative value, but that was for the jury; even if it is correct, the Act of July 15, 1897, P. L. 279, or possibly some other act, directed these mine maps to be made and filed as matters of record.   As a general rule, where parties knowingly encroach on another's land in mining, they are not astute to uncover it by means of detailed maps; it would not be controlling in this case.

While defendant's evidence was very strong and persuasive, it should have been submitted to the jury; the court below can take care of the justice of the case later. While the suit as instituted claimed double and treble damages under the Act of May 8, 1876, P. L. 142, the statement as a whole claimed compensation for the coal taken and damages to the overlying surface.   This was sufficient upon which to ground the present action.   As to the latter items, there was no evidence to support them.

The judgment of the court below is reversed and a venire facias de novo awarded.