# Hardy *v.* Millers Mutual Fire Insurance Association, Appellant.

*Trial—Case for jury—Evidence—Parol evidence.*

1. In issues turning on oral proof, a litigant's case, supported by more than a scintilla of evidence, must go to the jury regardless of the strength of the opposing testimony.

2. Where the apparent weight of the evidence on a disputed fact is overwhelming, still, if there is countervailing evidence

of it upon which the jury might make a finding, all the evidence is for the jury's consideration.

*Appeals — Evidence—Inferences—New trial—Discretion, abuse.*

3. On an appeal from a judgment on a verdict for plaintiff the appellate court must assume the truth of plaintiff's evidence and every inference fairly deducible therefrom.

4. The question of granting a new trial is one for the lower court, with which the appellate court cannot interfere, except in case of manifest abuse of discretion.

Argued March 19, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 21, March T., 1928, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1926, No. 2, on verdict for plaintiff, in case of B. Hardy v. Millers Mutual Fire Insurance Association of Illinois. Affirmed.

Assumpsit on policy of fire insurance. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,298.50. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Charles C. Greer,* for appellant, cited: Black v. Transit Co., 239 Pa. 463; Lonzer v. R. R., 196 Pa. 610; Hartig v. Ice Co., 290 Pa. 21; Radziemenski v. R. R., 283 Pa. 182; Macneir v. Wallace, 252 Pa. 323; Harris v. Blitzstein, 84 Pa. Superior Ct. 498; Penna. R. R. v. Edson Bros., 8 Pa. D. & C. 623.

*Frank P. Barnhart,* of *Barnhart & Bender,* for appellee, cited: Pfeffer v. Johnstown, 287 Pa. 370; Fuher v. Coal Co., 272 Pa. 14; Davis v. Ins. Co., 74 Pa. Superior Ct. 92; McGinness v. Ins. Co., 78 Pa. Superior Ct. 376; Thomas v. Employers' Liability Corp., 284 Pa. 129.

OPINION BY MR. JUSTICE WALLING, April 9, 1928:

This action on a fire insurance policy resulted in a verdict and judgment for plaintiff, and defendant has appealed. It was a $5,000 policy for the term of one year from May 18, 1925, on plaintiff's apartment house in Johnstown. During the year, to wit, on February 16, 1926, fire destroyed the building, the loss being $4,082.15, of which due proof was made. When burned, the building was vacant and had been for forty days, which defendant interposed as a defense, the policy stating that "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring,......while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days." In answer plaintiff produced a printed rider attached to the policy permitting, inter alia, such vacancy. The pivotal question at the trial was whether the rider was issued as part of the policy or attached thereto after the fire. The testimony of plaintiff and defendant's local agent was, in effect, that the conditions set forth in the rider were agreed upon as part of the insurance contract and the rider was attached to and issued with the policy. The agent was very positive as to the latter statement. For the defense the testimony indicated that the copy of the policy sent to the office of the general agent in Chicago as part of the daily record contained no such rider. Furthermore, there was a legend, or printer's mark, on the lower left hand corner of the rider in question, as follows: "50M-5-26." This, according to the testimony of those familiar with the business, indicated that the rider was one of fifty thousand printed in May, 1926. It is not easy to overestimate the importance of this testimony; for if the rider was not printed until May, 1926, it could not have been attached to the policy a year earlier, or before the fire. On the other hand if it was attached to the policy in May, 1925, then it could not have been printed

in 1926. It seems the riders were printed by Middle Department of the Underwriters' Association and those who actually did the printing were not called. There is the remote possibility of an error in the legend, to which the trial judge called the jury's attention, or of its proper interpretation, which rested on oral proof. In face of the positive testimony for plaintiff the case could not be taken from the jury. In issues turning on oral proof, a litigant's case, supported by more than a scintilla of evidence, must go to the jury regardless of the strength of the opposing testimony. As stated by Mr. Justice KEPHART, speaking for the court, in Fuher v. Westmoreland Coal Co., 272 Pa. 14, 16: "We have frequently said in cases where the apparent weight of the evidence on a disputed fact was overwhelming, still, if there was countervailing evidence of it upon which the jury might make a finding, all the evidence must be for their consideration. The jury had the undoubted right to weigh the evidence and pass on the credibility of the witnesses, where plaintiff's evidence, standing alone, would justify the inferences necessary to support his claim." To like import see Hartig v. American Ice Co. et al., 290 Pa. 21; Thomas v. Penna. Railroad Co., 275 Pa. 579; McGlinn Distilling Co. v. Dervin, 260 Pa. 414. Being a question depending on the credibility of oral testimony, it was for the jury: Sorensen v. Quaker City P. Adv. Co., 284 Pa. 209. Furthermore, in support of the verdict, we must assume the truth of plaintiff's evidence and every inference fairly deducible therefrom: Grimes v. Penna R. R. Co., 289 Pa. 320; Pfeffer et al. v. Johnstown, 287 Pa. 370; Murphy v. Phila. Rapid Transit Co., 285 Pa. 399.

While on the case as submitted to the jury the verdict might well have been for the defendant; yet that for plaintiff was supported by competent evidence and the question of granting a new trial was one for the lower court, with which we cannot interfere, except in case of a manifest abuse of discretion, not here shown. The

responsibility of determining disputed questions of fact rests with the jury and trial court. No assignment of error raises the question suggested as to the inadequacy of the charge. In any event, it could not be sustained for the charge fully covered the only disputed questions in the case.

Having reviewed the case on the theory upon which it was tried, we find no error and

The judgment is affirmed.