## Zalesky, Appellant, v. Northwestern Building & Loan Association.

334

Argued October 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*A. Jere Creskoff*, and with him *Hirsh W. Stalberg*, for appellant.

*Emanuel Moss* of *Moss and Moss*, for appellee.

Opinion by Baldrige, J., January 28, 1932:
These appeals grew out of two cases involving the

same facts, which were tried together in the court below and argued together in this court. They will be disposed of in one opinion. The principle question involved in each case is whether Hyman Zalesky or his daughter, Muriel Zalesky, is the owner of twenty shares of stock in the Northwestern Philadelphia Building Association.

Muriel Zalesky brought her action in assumpsit, as alleged owner of the stock, to recover its withdrawal value, which the building association refused to pay to her. She testified that she started to work in her father's store in February, 1921, when she was thirteen years of age; that she worked two evenings every week and all day on Saturday, for which services she received $7.50 per week; that she retained $2.50 and gave $5 to her father, which he told her, in September, 1924, he was investing in building and loan stock. According to the entries in the receipt book, the first payment on the twenty shares of stock was made in March, 1920, in the sum of $25, which was prior to the alleged employment, and the subsequent payments until 1924 amounted to $40 per month.

On February 10, 1928, Hyman Zalesky executed an assignment, providing that "in consideration of one dollar ($1) to me in hand paid, and in further consideration of the love and affection which I bear for my daughter, Muriel Zalesky, ...... do herewith and hereby assign, transfer, and give to the said Muriel Zalesky all my rights, title and interest in the twenty (20) shares of stock which I have and own in the forty-second (42) series of the Northwestern Philadelphia Building Association ...... The said stock is being transferred subject to a loan of two hundred dollars ($200) which I have made from the above mentioned association. The said Muriel Zalesky is to continue paying interest on the said loan and the stock is transferred to her by me subject to the said loan." The following July he went into bankruptcy. The

defense to the plaintiff's claim was that the stock belonged to Hyman Zalesky and that the assignment was made for the purpose of delaying and defrauding the building association and other of Hyman Zalesky's creditors.

The appellant tried the case on the theory that a resulting trust was raised; that her father was a trustee for her for the twenty shares of stock; and argues that the evidence in support thereof entitled her to binding instructions under the authority of Phillips v. Kleinman, 232 Pa. 571. That case was disposed of on its own facts, which are quite dissimilar from those we have before us. In McGlinn Dist. Co. v. Dervin, 260 Pa. 414, it was held that however clear and indisputable may be the proof, when it depends upon oral testimony, it is the province of the jury to decide the facts, subject to the salutory power of the court to award a new trial if the verdict is contrary to the weight of the evidence. In Fuher v. Westmoreland Coal Co., 272 Pa. 14, Justice KEPHART, in delivering the opinion of the court, said, "We have frequently said in cases where the apparent weight of the evidence on a disputed fact was overwhelming, still, if there was countervailing evidence of it upon which the jury might make a finding, all the evidence must be for their consideration. The jury had the undoubted right to weigh the evidence and pass on the credibility of the witnesses, where plaintiff's evidence, standing alone, would justify the inferences necessary to support his claim." See also Hardy v. Millers Mut. Fire Ins. Assn., 293 Pa. 9; Lincoln v. Christian, 94 Pa. Superior Ct. 145.

The court undoubtedly would have been guilty of error in giving binding instructions, in view of the evidence offered in support of the alleged agreement. The jury was not bound to accept as true the statement that a minor child had been paid $7.50 per week for a very limited amount of services and that $5

thereof was paid to her father to purchase stock, to which he already had title, and on which he was making monthly payments in excess of the sum received from his daughter. It will be noted that this stock was not assigned to her until over seven years after her services had begun and but a few months prior to bankruptcy proceeding. The written assignment on its face bore convincing marks of a gift. The appellant's case, in these circumstances, cannot be said to be based on such clearly established facts by indisputable evidence as warrants a court in withdrawing the issues of fact from the jury.

The appellant complains also of the admission of the bankrupt schedules, relying on the case of Jarvis v. Bell, 296 Pa. 568. There the court held that where a trustee in bankruptcy sues a son of the bankrupt to recover alleged moneys in his hands belonging to the bankrupt, the schedules are inadmissible in evidence as the issues tried are not between the same parties. In the case under consideration, the bankrupt was a defendant in one of the actions being tried. Furthermore, when the bankrupt was on the stand he was examined in detail, without objection, as to the value of his assets and the extent of his liabilities. He testified that the only change between the date of assignment and the date of filing his petition was an increase of $800 in his liabilities. The schedules threw very little, if any, additional light as to whether there was solvency or insolvency at the time of the assignment, and were not prejudicial to the appellant's case. This question was considered in Batchelder v. Home Nat. Bank of Milford (Mass.), 105 N. E. 1052. In the course of its decision, the court said, "The schedules of O'Neil's assets and liabilities filed by him in the bankruptcy proceedings were not properly admissible: Simpson v. Carleton, 1 Allen 109, 79 Am. Dec. 707; Hosmer v.

338

Oldham, 122 Mass. 551. But O'Neil testified that his condition had not materially changed from the time that he paid these notes to the time when he filed the schedules. They doubtless were admitted, as in Atherton v. Emerson, 199 Mass. 199, 210, 85 N. E. 530, as substantially embodying the testimony of the witness as to his financial condition when he paid the notes. That was material to be shown. Under such circumstances, justice does not require a new trial of the case for the correction of this formal error. It cannot have affected injuriously the rights of the defendant: St. 1913, c. 716, sec. 1.'' We find no merit to this assignment.

The other of these two cases was brought by the Northwestern Building & Loan Association against Hyman Zalesky and Gertie Zalesky, and Muriel Zalesky, garnishee, on an attachment sur judgment, attaching the stocks, moneys, etc., in the hands of the garnishee, due or belonging to Hyman Zalesky. The pleadings raise the question of fact as to the ownership of the twenty shares of building association stock determined by the jury to belong to Hyman Zalesky. The plaintiff was entitled, therefore, to judgment.

A review of all the assignments fails to convince us that any error was committed.

The judgments in Nos. 195 and 196, October Term, 1931, are hereby affirmed.