## Chiocca v. Doerzbacher et al.

Before McBride, Harkins and Brown, JJ.

*Meyer W. Gordon*, for plaintiff.

*David Friedman* and *Walter W. Riehl*, for defendants.

HARKINS, J., February 8, 1951.—This matter comes before the court en banc on motion of Realty Rental and Sales, Inc., for a new trial and also for judgment non obstante veredicto.

Plaintiffs wished to buy the home of the Doerzbachers, who were also defendants in this action. At the trial since it appeared to the writer that there were no contacts at any time between plaintiffs and the Doerzbachers, a compulsory nonsuit was granted to the Doerzbachers.

Plaintiffs' theory is that Mr. Breinig, a salesman for the Realty Rental and Sales, Inc., orally agreed with plaintiffs that the Realty Rental and Sales, Inc., would obtain a mortgage in the amount of $6,400 at five percent interest and that they could only provide them with $5,500 of this amount, with a balance of $900 at six percent. Defendants, the Doerzbachers, are not interested and the writer believes that it is clear that no case was made out against them so they need not be further considered.

Defendant, Realty Rental and Sales, Inc., a corporation, defends on the theory that the written agreement between the parties contains no mention of the alleged oral promise on the part of Mr. Breinig to obtain a mortgage. There is no doubt that the written agreement is silent on this point.

The question of law therefore is whether testimony on the part of plaintiffs to the effect that such a separate oral agreement to provide a mortgage for the purchasers did exist between defendant's agent Breinig and plaintiffs was properly admissible against the Realty Rental and Sales, Inc., a corporation. We admit that it would not be admissible against the Doerzbachers as their rights are strictly governed by the written contract. As we see the situation, however, the suit is based against the real estate broker, on the oral promise of its agent, and the terms of the written contract do not apply to the concurrent independent promise of the broker's agent, separate and independent of the terms of the written contract. Such an oral contract would be invalid if it defeated the purpose for which the Doerzbachers hired the broker, but since it served to effectuate the purpose for which the broker was hired, and was not illegal per se, it certainly was one which the broker, by his agent, could engage in an effort to make the sale.

Defendant's contention, that plaintiffs Chiocca are barred because they did not read the agreement, would constitute a defense if the action were one based on the written agreement of sale and against the owners. The claim of defendant Realty Rental and Sales, Inc., a corporation, that the law is the same as to its rights is in our judgment not correct.

The cases cited by defendant are applicable to seller defendants; but in our opinion they are not ap-

plicable to broker defendant. Its liability, if any, rests on a simple parol contract, alleged by plaintiffs to have been entered into by its salesman Breinig. Under the circumstances the written contract does not govern plaintiffs' rights with defendant, who is not a party to the written contract. It was properly admitted in evidence, not to show the parol contract between the purchaser and the broker, but as evidence of the background circumstances under which the parol contract was supposed to have originated.

Had the trial court permitted the case against the seller to reach the jury, the cases cited for defendant would have caused us to grant a motion for judgment non obstante veredicto. We clearly distinguish plaintiffs' rights against defendants Doerzbacher, the owners, based upon the written articles of agreement, from their possible rights against broker defendant upon an attendant parol contract to obtain the financing of the purchase for them.

Defendant's motion for judgment non obstante veredicto must be refused.

As to defendant's motion for a new trial, both parties had a full opportunity to give all relevant testimony they could produce to the jury. That plaintiffs were the only witnesses for their side is not controlling. The jury's function is to determine the credibility and interest of witnesses and to determine the importance of the testimony of each witness. The weight of the evidence is for the jury.

See Wilson v. Kallenbach, 332 Pa. 253, 256; O'Farrell v. Mawson et al., 320 Pa. 316, 320; and Lincoln v. Christian, 94 Pa. Superior Ct. 145, 150; all of which are cited in Baugh et vir v. McCallum et al., 140 Pa. Superior Ct. 276, 282.

It is for the court in its discretion to decide whether a new trial should be granted. In this case there was

a distinct controversy as to the parol agreement existing between plaintiffs, the purchasers, and defendant company, the sellers' agent. We believe the issue was fairly presented to the jury and that there is sufficient evidence to justify the jury returning a verdict for plaintiffs. The motion for a new trial must be refused. See Baugh et vir v. McCallum et al., supra, at page 282.