## Montgomery et ux. *v.* Philadelphia, Appellant.

*Negligence — Municipalities — Hole in street — Pedestrian — Choice of way — Contributory negligence — Sudden emergency— Crossings.*

1. A pedestrian may pass over streets at whatever point he elects, and is not limited to the use of established crossings; but where such have been provided, it becomes his duty to use them, unless there is good and sufficient reason for following another course.

2. Those making use of the highways are bound to note where they are going, and, if they fail to do so, they are debarred from recovery of damages for injuries sustained, though negligence on the part of the municipality appears.

3. Where the only conclusion to be drawn from facts submitted is that a choice of way over a street was carelessly made by a pedestrian, and that she fell into a depression as a result, it became the duty of the court to so declare.

4. One is not to be held responsible for an error of judgment, when an accident arises in an attempt to escape from a position of peril; but this rule is subject to the qualification that the one injured must have been placed in the dangerous situation without negligence or fault of his own.

Argued March 24, 1921. Appeal, No. 402, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1919, No. 1372, on verdict for plaintiff in case of Joseph A. Montgomery et ux. v. Philadelphia. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Elizabeth Montgomery for $3,500 and for Joseph A. Montgomery for $500. Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Edward A. Kelly,* Assistant City Solicitor, and *Wm. M. Stewart, Jr.,* Assistant City Solicitor, with them *David J. Smyth,* City Solicitor, for appellee.—Plaintiff was guilty of contributory negligence: Becker v. Phila., 212 Pa. 379; Easton v. Phila., 26 Pa. Superior Ct. 517; Lerner v. Phila., 221 Pa. 294; Stern v. Reading, 255 Pa. 97.

Plaintiff, having left the regular foot crossing, assumed the risk of dangers which she might meet in crossing Thirteenth Street: Watts v. Plymouth Boro., 255 Pa. 185.

*William H. Wilson,* with him *Francis M. McAdams,* for appellees.—While street crossings are constructed for the use of foot passengers, if they happen to be obstructed, or to be in such a dangerous condition as to deter an ordinarily prudent person from using them, then one may walk elsewhere: McIlhenny v. Phila., 214 Pa. 44; Watts v. Plymouth Boro., 255 Pa. 185; Anderson v. Wood, 264 Pa. 98.

Care according to the circumstances, is all that is required, and whether such care was exercised under the circumstances is for the jury: See McHugh v. Kerr, 208 Pa. 225; Sprowls v. Morris Twp., 179 Pa. 219; Knepp v. R. R., 262 Pa. 421; Bruch v. Phila., 181 Pa. 588; Wertz v. Williamsport, 67 Pa. Superior Ct. 156; Duvall v. New Castle, 74 Pa. Superior Ct. 573.

OPINION BY MR. JUSTICE SADLER, April 18, 1921:

This action was brought by the plaintiffs against the City of Philadelphia to recover damages for an injury sustained by the wife. She left her home on a clear afternoon to visit a store located near by on the northeast corner of Porter and Thirteenth streets. When she reached the northwest corner, the crossing was found to

be obstructed by a trolley car going west on Porter Street and turning north on 13th, which had stopped upon the curve at the intersection for the purpose of receiving passengers. Instead of awaiting its northward move- ment on Thirteenth Street, or making use of other cross- ings at that corner in order to reach her destination, she turned back and attempted to cross the street diago- nally to the east side in front of the trolley car. When she had reached the middle of the track, the motorman sounded his gong and started his car. This caused her to become frightened and to jump to the east. In so doing she stepped into a hole in the highway, resulting in a fall and injury. Verdicts were rendered for the plaintiffs and from the judgments entered the present appeal is taken.

The evidence shows the depression in the street was caused by the sinking of the blocks with which it was paved, and sufficiently establishes notice to the city of the condition which existed. If, therefore, the plaintiff was injured as a result of the failure to make proper re- pairs, a recovery was proper, unless contributory negli- gence on her part appeared.

A pedestrian may pass over streets at whatever point he elects, and is not limited to the use of established crossings; but, where such have been provided, it be- comes his duty to use them, unless there is a good and sufficient reason for following another course. If no such excuse appears, the city is not to be charged with the injury which results from using the main highway: Watts v. Plymouth Boro., 255 Pa. 185; Dillon on Mu- nicipal Corporations, section 1699. Where the only con- clusion to be drawn from the facts submitted is that the choice of way was carelessly made, and without sufficient reason, it becomes the duty of the court to so declare: Watts v. Plymouth, supra. The testimony of the claim- ant here shows no justification for failure to cross at the place provided, and, under the authorities, the de- fendant was entitled to binding instructions.

It is to be noticed further that the depression into which the plaintiff fell was observable to anyone who looked. Those making use of the highways are bound to note where they are going, and, if they fail to do so, are debarred from recovery of damages for injury sustained, though negligence on part of the municipality appears: Robb v. Connellsville Borough, 137 Pa. 42. If it be claimed that such conduct was excusable, then the burden is upon the plaintiff to show the conditions which would have this effect: Lerner v. Phila., 221 Pa. 294; Gryning v. Phila., 269 Pa. 277. In the present case, the accident took place in broad daylight, and the depression complained of was of such extent as must have been seen by one approaching and exercising ordinary faculties of observation. The plaintiff accounts for lack of attention by showing her presence on the street in front of the standing trolley car, and its sudden starting, making necessary a jump on her part to prevent injury from it. It is claimed that the emergency which arose justified her movement, and, under such circumstances, she is not chargeable with failure to see. It is true that one is not to be held responsible for an error in judgment when the accident arises in an attempt to escape from a position of peril, and one is not necessarily negligent because of failure to follow the course which, upon deliberation, would appear to have been the wisest (Marfilues v. Phila. & Reading Ry. Co., 227 Pa. 281; Phillips v. Ry. Co., 190 Pa. 222; Sprowls v. Morris Twp., 179 Pa. 219); but this rule is subject to the qualification that the one injured must have been placed in the dangerous situation without negligence or fault of his own: Aiken v. Penna. R. R. Co., 130 Pa. 380; Knepp v. Baltimore & Ohio R. R. Co., 262 Pa. 421. The plaintiff comes within this exception by failing to avail herself, without reasonable excuse, of the crossing provided, and voluntarily entering upon the trolley track. She could not, therefore, take advantage of the rule of sudden emergency. Her contributory negligence

was clear from her own testimony, and the motion for judgment n. o. v. should have been sustained.

The judgment of the court below is reversed, and judgment is here entered for the defendant.