# Stewart et al. *v.* Pennsylvania R. R., Appellant.

*Appeals—Refusal of new trial—Abuse of discretion—Case for jury.*

The refusal of new trial is not ground for reversing a judgment on a verdict for plaintiff in a negligence case, where there has been no abuse of discretion by the lower court, and where the appellate court is convinced that the issues involved were for the jury.

Argued March 15, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 76 and 77, March T., 1928, by defendant, from judgment of C. P. Allegheny Co., April T., 1926, No. 1237, on verdict for plaintiff, in case of Frances M. Stewart, a minor, by her mother and next friend, Rose Stewart, and Rose Stewart, in her own right, v. Pennsylvania Railroad Co. Affirmed.

Trespass for personal injuries. Before SWEARINGEN, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for Rose Stewart for $3,000 and for Frances M. Stewart for $12,000. Defendant appealed.

*Error assigned,* was refusal of new trial, quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*Rody P. Marshall,* for appellees.

PER CURIAM, April 9, 1928:

The sole complaint here is that the court below abused its discretion by not granting a new trial on what defendant, appellant, claims to be the clear weight of the

evidence in its favor.  It is not necessary, and would serve no useful purpose, to state the facts or review the evidence.  After reading the printed testimony, we are not convinced of error; the issues involved were for the jury and it does not appear that there was any abuse of discretion in refusing a new trial.

The judgments are affirmed.