## Lieberman et al., Appellants, v. Pittsburgh Railways Co.

Argued October 2, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*James J. Lawler,* with him *Charles B. Prichard,* for
appellants.—Deceased was not bound to wait simply be-
cause the street car was in sight. She had the right to
rely on the custom of the cars to stop at a regular stop-
ping place towards which she was walking, and where
a passenger was waiting to board the car: Spahr v. Rys.
Co., 50 Pa. Superior Ct. 602; Callahan v. Traction Co.,
184 Pa. 425; Shields v. Transit Co., 261 Pa. 422; Em-
melt v. Transit Co., 89 Pa. Superior Ct. 417; Clifford v.
Transit Co., 269 Pa. 304; Welsh v. Transit Co., 63 Pa.
Superior Ct. 143; Klingmann v. Rys., 252 Pa. 12;
Schmidt v. Transit Co., 253 Pa. 502.

Decedent was put in a position of peril when she
reached the first rail of the northbound track, and she
was not put in this position through her own negligence:
P. R. R. v. Werner, 89 Pa. 59; Baker v. Boro., 151 Pa.

234; Brown v. French, 104 Pa. 604; Hookey v. Boro., 5 Pa. Superior Ct. 404; Conyngham v. Motor Co., 15 Pa. Superior Ct. 573; Knowlan v. Shipley-Massingham Co., 266 Pa. 116; Murphy v. Transit Co., 285 Pa. 399.

It was the terrific speed of the car, and not the negligence of deceased that caused the accident: Francis v. Ry., 66 Pa. Superior Ct. 497; Knobleloch v. Ry., 266 Pa. 140.

*William A. Challener*, for appellee.—This is the case of an instantaneous collision taking place between squares and not at a crossing.

The assumption that a street car will stop and not pass over a crossing is not justified under the law: Kilpatrick v. P. R. T., 290 Pa. 288; Boyle v. Traction Co., 286 Pa. 536; Welsh v. Traction Co., 63 Pa. Superior Ct. 143; Griffith v. Traction Co., 267 Pa. 81.

In the case at bar, there is no ordinance and the case comes flat-footedly within the case of Flynn v. Rys., 234 Pa. 335.

One who by his own neglect places himself in a position of peril is guilty of contributory negligence: Montgomery v. Phila., 270 Pa. 346; Smith v. Transit Co., 296 Pa. 212; Cunningham v. Traction Co., 240 Pa. 194.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1931:

There can be no doubt as to the contributory negligence of the decedent for whose death her adult children seek to recover damages in this case. The court below properly so held and entered a compulsory nonsuit. A mere recital of the geography of the situation and of the decedent's movements establishes the integrity of the court's position. Murray Avenue in the City of Pittsburgh runs north and south, on it are two street car tracks of the defendant. It is intersected from the west by Flemington Street, which, however, does not cross the avenue. The deceased, in broad daylight, attempted

to cross Murray Avenue from its west side, but not at a crossing. She was at least twenty feet north of the crossing at Flemington Street, when she stepped from the curb on the west side of Murray Avenue into its cartway. She had an unobstructed view for at least 400 feet in the direction (south) from which the car which struck her came. She walked from the curb to the first rail of the track nearest her, a distance of some twelve feet, crossed that track and the "dummy" between it and the second track, was not observing the car approaching her on it as she walked, as one of plaintiffs' witnesses testified, stepped or was in the act of stepping over the first rail of the second track, when evidently for the first time she saw the approaching car, then almost upon her, screamed, was struck by it and killed. It is difficult to imagine a clearer case of contributory negligence than these circumstances disclose.

It is endeavored to excuse the very apparent fault of deceased, first, by the high speed of the car, testified to be from 35 to 50 miles an hour. Granted that this high speed was true, which is very doubtful, it would not excuse her failure to observe the oncoming car. When she was at the first rail of the track, had she been observing, a single step backward would have put her out of harm's way.

A second excuse advanced for her failure to safeguard herself is that another woman stepped out at the car stop, on the east side of Murray Avenue south of Flemington Street, apparently to board the car, which, however, did not stop. Appellants contend, in addition, that the deceased had a right to rely on the custom of cars to stop for intending passengers at Flemington Street. These circumstances are of no avail, however, as the car stop at Flemington Street was seventy feet from where the deceased was struck, and, if she had been looking, she would have seen that the car did not stop but was proceeding: Kilgallen v. P. R. T. Co., 300 Pa. 451; Kil-

patrick v. P. R. T. Co., 290 Pa. 288; Flynn v. Pittsburgh Rys. Co., 234 Pa. 335.

A third excuse is that the deceased was put in a position of sudden peril when she reached the first rail of the northbound track. But the peril was of her own causing and, therefore, does not excuse: Montgomery v. Phila., 270 Pa. 346; Smith v. Lehigh Valley Transit Co., 296 Pa. 212.

The final reason urged for overturning the action of the trial court is based upon the presumption that the deceased performed her duty. But a witness for plaintiff, who observed deceased as she crossed the avenue, testified that "She wasn't even looking at the street car." The presumption must go down before the proven fact: Cubitt v. N. Y. Central R. R. Co., 278 Pa. 366. Since the undisputed testimony for plaintiff was that deceased was struck just as she entered the track upon which the car was moving, the inference was clear that if she had looked she could have averted the danger; this fact would in itself suffice to rebut any presumption of due care on her part: Cubitt v. N. Y. Central R. R. Co., supra; Tull v. Baltimore & Ohio R. R., 292 Pa. 458; Rhodes v. P. R. R., 298 Pa. 101.

The many cases cited by appellant where pedestrians have been struck at regular crossings do not fit the situation here presented. The deceased was not struck at a crossing.

The court properly disposed of the case and its judgment of nonsuit is affirmed.