## Casey, Appellant, *v.* Siciliano.

Argued December 1, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Lewis M. Stevens,* of *Stradley, Ronon, Stevens & Denby,* for appellant.—If a court wishes to state its opinion on the facts, it must clearly state that it is only opinion, and not lay it down as final: Com. v. Meads, 29 Pa. Superior Ct. 321; Vernon v. Vernon, 72 Pa. Superior Ct. 91.

The testimony on whether the accident happened because the truck attempted to cut in between the trolleys was conflicting, and the conflict should have been resolved by the jury, not by the court: Derrick v. Electric Co., 268 Pa. 136.

The sudden emergency rule clearly includes a proviso that there be no negligence leading up to the emergency: Montgomery v. Phila., 270 Pa. 346; Stewart v. P. R. T., 103 Pa. Superior Ct. 366.

*C. Brewster Rhoads,* with him *Laurence H. Eldredge* and *Montgomery & McCracken,* for appellee.—The charge of the court must be considered as a whole: Cook v. Donaldson, 296 Pa. 389; Garver v. Lightner, 275 Pa. 401; McCormick v. Bickerton, 251 Pa. 466.

The trial judge may comment upon the evidence and may express his opinion: Pitts v. P. R. T., 84 Pa. Superior Ct. 395.

The trial judge properly charged that a mere mistake of judgment in an emergency is not negligence: Dravo Contracting Co. v. Rees & Sons Co., 291 Pa. 387; Gillett v. Cab Co., 87 Pa. Superior Ct. 365; Mastel v. Walker, 246 Pa. 65.

OPINION BY MR. JUSTICE KEPHART, January 3, 1933:

Appellant instituted an action against appellee to recover damages received while riding as a passenger in a street car. The jury found for defendant. The verdict established the following facts: Plaintiff was riding in the second seat from the rear on the left side of the street car, facing forward. The car was stopped at a traffic light, facing north on 13th Street. Appellee's truck was also going north on the same street, and while the driver was attempting to pass the car in which appellant was riding, a child started to walk from the left curb. He swung his car to the right to avoid the child, and, in straightening up, the rear swerved against the trolley at a point opposite appellant's seat. About one and a half feet of molding was torn from the side of the trolley, but no glass was broken. Plaintiff had testified a second trolley car was stopped a short distance in the rear, and defendant's truck came down the right side of the street, cutting in between the two cars to reach the left side, but the space was not large enough for this movement and the rear of his truck collided with the car in which she was seated, throwing her forward and causing the injuries complained of.

Appellant urges that by his charge the trial judge took from the jury the consideration of some of the facts bearing on defendant's negligence. We have examined the charge and find no error in it. The trial judge carefully left to the jury the question of fact whether the truck attempted to cut between the two trolley cars. He said "If......he attempted to pass a standing trolley car in such a space that he could not pass without striking it, that would be negligence, and your verdict would

have to be in favor of the plaintiff." Moreover a trial judge may express his opinion upon evidence provided the charge as a whole leaves all issues of fact for the jury. The charge must be considered as a whole, and if when so considered the issues are fairly put up to the jury, the judgment will not be reversed, even though isolated portions of the charge may be the subject of criticism: Garver v. Lightner, 275 Pa. 401; Price v. Hamscher, 174 Pa. 73, 78.

The defense was absence of negligence. The trial judge, commenting on the effect of the evidence of a sudden emergency created by the sudden appearance of the child on the curb, said: "Where one is confronted by a sudden emergency, so that one does not have the opportunity to act with the judgment that one ordinarily may exercise, one is held in law only to the exercise of his best judgment under the circumstances. If you believe therefore, that this accident was caused by the natural, impulsive act, not negligence, of the driver of the truck in seeking to avoid an imminent danger that was suddenly thrust upon him, and that he used his best judgment, there would be no negligence and your verdict would be in favor of the defendant." The judge also stated that if the accident had not occurred in that manner, then the verdict should be for the plaintiff. The facts in the case support this instruction. The emergency did not arise while he was passing between the cars. It occurred after he was through and there was no evidence of undue speed or careless driving.

We have frequently stated that the sudden emergency rule will not apply if the emergency arises through the prior negligence of him who seeks the protection of the rule: Montgomery v. Phila., 270 Pa. 346; Lieberman v. Pittsburgh Rys. Co., 305 Pa. 412; Stewart v. P. R. T. Co., 103 Pa. Superior Ct. 366. This limitation applies as well to the one causing the injury as it does to the injured party.

When the driver of an automobile claims that he has been subjected to a sudden emergency in driving on the highways, to enable him to claim the benefit of this rule, it must appear that he was not driving in a reckless or careless manner, but with due regard to the condition of the highway and the traffic. One driving carelessly cannot say he was placed in sudden peril. If driving in a careful manner, the peril would not have arisen. The question, therefore, is usually one for the jury to determine, under proper instruction. The court made it very plain to the jury that if the driver was negligent in attempting to pass the car, they must find for the plaintiff.

The other assignments of error relate to that part of the charge in which the judge commented upon the nature of the plaintiff's injuries and the manner in which they were received. As no exception was taken at the trial, and no request was made to correct the wrong counsel felt had been done at the time, these remarks cannot be made the subject of assignments of error: Medvidovich v. Schultz, 309 Pa. 450; Gates v. Keichline, 282 Pa. 584, 593; Thomas R. S. Co. v. Phila. & Reading Ry. Co., 256 Pa. 549.

The refusal of a motion for a new trial will be reversed only where it appears that the lower court clearly abused its discretion, and no such abuse is shown here: Stewart v. P. R. R., 293 Pa. 38; Fertax v. Spiegelman, 292 Pa. 139; Brand v. P. R. R., 292 Pa. 578.

Judgment of the court below is affirmed.