## Bingler et al., Appellants, *v.* Hopper et al., Appellants.

Argued April 20, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Victor Frey,* with him *Philip Campbell,* for appellants, No. 194, and for appellees, Nos. 217 and 218.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellees, No. 194, and for appellants, Nos. 217 and 218.

OPINION BY MR. JUSTICE LINN, July 3, 1939:

There are three appeals; the plaintiff's is from the award of a new trial. Defendants, by separate appeals, complain of the refusal of their motions for judgment n. o. v.

The defendant, Hopper, was a truck driver employed by the defendant, Uhrik. Hopper's wife was killed while accompanying him on Uhrik's truck. She had a son, David, at the time she married Hopper, and, on that surviving son's behalf, this suit was brought to recover for her death which, it was alleged, resulted from defendants' negligence. The suit was brought in the name of the minor by his next friend and grandfather, Charles Bingler, and by his grandparents, in their own right. At the trial, counsel for the plaintiff disclaimed any right in the grandparents and had the record amended accordingly. The verdict was for the plaintiff.

The learned trial judge, in his opinion granting the new trial, stated that he had omitted to charge "upon the present worth to the plaintiff of the future earnings of his mother which she would have contributed to his maintenance. Moreover, the verdict was greatly excessive. . . ." In such circumstances, the verdict could not be sustained, and the order granting the new trial must be affirmed.

The defendant-appellants rely on two grounds: first, that under the Acts[1] of 1851 and 1855, a child may not sue if one parent survives and that, in any event, a child may not sue its parent in tort. We considered those Acts in the opinion just filed in *Minkin v. Minkin,* 336 Pa. 49, and must reject the contentions made by appellants. The relationship of the parties disclosed in the present record is so different from that appearing in Minkin's case that a familiar rule of liability may be applied without again raising the differences of view disclosed in the opinions filed in Minkin's case. The defendant, Hopper, was not the child's father; the child did not live in his household nor did he support the child or, in fact, stand in loco parentis. The child resided with his mother's parents who supported the child, aided by small con-

[1] 12 PS sections 1601, 1602.

tributions from his mother's separate earnings and payments by his putative father under an order of court. There would be nothing, therefore, to support the suggestion that there was a family relationship which could be an obstacle to suit by the minor. The second ground on which judgment n. o. v. was desired was there was no evidence of negligence. The evidence was sufficient to enable the jury to find that Hopper was driving on Uhrik's business; and that Mrs. Hopper accompanied her husband with Uhrik's consent; the agency was averred in the statement, and no affidavit of defense denying it was filed: compare *Koontz v. Messer*, 320 Pa. 487, 181 A. 792.

Hopper, called for cross-examination, testified that the accident occurred on a descending grade near Altoona; that a Greyhound Bus passed him and then reduced its speed; he thought his truck was "creeping up" on the bus and, to avoid colliding with it, put on brakes; they did not hold the truck whereupon he went into high gear and dashed around the Greyhound Bus on a curve where he could not see beyond 100[2] feet ahead and crashed into a truck that was slowly approaching up the mountain and which he first saw about 40 feet in front of him. That evidence presents a case for the jury: compare *Casey v. Siciliano*, 310 Pa. 238, 165 A. 1.

In each of the appeals the action complained of is affirmed.

---

[2] Section 1008 (b) of the Motor Vehicle Code of 1929, P. L. 905, 977, as amended, 75 PS section 543 (b), provides: "The driver of a vehicle shall not overtake or pass another vehicle proceeding in the same direction, when approaching the crest of a grade, nor upon a curve in the highway, where the driver's view along the highway is obstructed within a distance of three hundred (300) feet ahead, except, on a highway having two (2) or more lanes for movement of traffic in one direction, the driver of a vehicle may overtake or pass another vehicle. . . ." This accident occurred on a two-lane highway.