LILLIAN IVINS, PLAINTIFF-APPELLANT, v. PUBLIC SER-VICE INTERSTATE TRANSPORTATION COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 8, 1950—Decided May 24, 1950.

96

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. Warren C. Douglas* argued the cause for plaintiff-appellant (*Mr. N. Thomas Smaldore,* attorney). *Mr. Walter S. Keown* on the brief.

*Mr. Herman H. Wille, Jr.,* argued the cause for defendant-respondent (*Mr. Carl T. Freggens,* attorney).

The opinion of the court was delivered by

DONGES, J. A. D. This is an appeal from a judgment of dismissal entered in the Law Division of the Superior Court.

The accident occurred on December 3, 1945, in the City of Philadelphia. Plaintiff boarded a bus of the defendant company between Ninth and Tenth Streets in Philadelphia. The bus was crowded with other passengers and plaintiff was required to stand, holding on to the back of a seat. She testified that the driver was looking into the rear view mirror and urging the passengers to move back. She stated that he kept looking in the mirror while the bus was moving and then "came to a very severe stop." The plaintiff and other passengers were thrown to the floor and plaintiff was injured.

Other witnesses testified that while the bus was moving slowly, a woman, leaving a trolley car in front of the bus, crossed the street in front of the bus, and the driver of the bus brought the vehicle to a sudden stop. The woman was approximately the length of a trolley car in front of defendant's bus when she alighted. There was also a distance of about three bus lengths between defendant's bus and a bus in front of it. All of the witnesses agreed that the stop was very sudden and that many others were jarred and some

thrown to the floor. They did not observe what the driver was doing immediately prior to the accident.

At the conclusion of plaintiff's case on the question of liability, defendant moved for judgment under amended Rule 3:50 on two grounds; first, that the plaintiff failed to prove that the stop was of such severity as to come within the applicable Pennsylvania law which would allow the court or jury to infer negligence in the operation of defendant's bus; second, that the driver was faced with a sudden emergency in which he was guilty of no negligence.

█ The Court denied the motion on the first ground because there was evidence establishing that the occurrence was of an unusual and extraordinary character. This was established by evidence of its effect on other passengers. This is sufficient under Pennsylvania law. See *Smith v. Pittsburgh Rys. Co.,* 314 *Pa.* 541, 171 *A.* 879 (*Sup. Ct., Pa.* 1934).

However, the Court granted the motion on the second ground and it is the judgment entered pursuant thereto from which plaintiff appeals.

[█ In view of the fact that the accident occurred in the City of Philadelphia, the law of the Commonwealth of Pennsylvania governs the plaintiff's right to recover. *Friedman v. Greenberg,* 110 *N. J. L.* 462 (*E. & A.* 1933).

[█ It is well established in Pennsylvania law that where one is confronted by a sudden emergency, so that he does not have the opportunity to act with the judgment that one ordinarily may exercise, he is held in law only to the exercise of his best judgment under the circumstances. *Schu v. City of Pittsburgh,* 341 *Pa.* 324, 19 *A.* 2d 409 (*Sup. Ct., Pa.* 1941); *Mulherin v. Brown et al.,* 322 *Pa.* 171, 185 *A.* 304 (*Sup. Ct., Pa.* 1936).

█ It has frequently been stated by the Pennsylvania courts that the sudden emergency rule will not apply, if the emergency arises through the prior negligence of him who seeks the protection of the rule. *Montgomery v. City of Philadelphia,* 270 *Pa.* 346, 113 *A.* 357 (*Sup. Ct., Pa.* 1921); *Lieberman v. Pittsburgh Rys. Co.,* 305 *Pa.* 412, 157 *A.* 905

(*Sup. Ct., Pa.* 1931) ; *Casey v. Siciliano,* 310 *Pa.* 238, 165 *A.* 1 (*Sup. Ct., Pa.* 1933) ; *Schiele v. Motor Freight Express,* 348 *Pa.* 525, 36 *A.* 2d 467 (*Sup. Ct., Pa.* 1944).

■ If, in the instant case, there is any evidence to establish any prior negligence of the driver, the defendant Company may not seek the protection of the emergency rule. The question of prior negligence is usually one for the jury under proper instructions. *Casey v. Siciliano, supra.*

■ In the instant case, there was evidence from which the jury might have found that the driver of the bus was negligent and that the emergency, if any, was precipitated by his negligence. It must be remembered that in considering a motion for dismissal, the evidence · must be viewed in the light most favorable to plaintiff.

■ Concerning the driver's negligence, the following excerpt from plaintiff's testimony is pertinent:

· "Q. Now while you were standing there, what did you observe the bus driver doing?

"A. Well, he was looking in the mirror, and he kept saying that he wasn't going to move the bus until everybody starting moving back, and to move back, and he wanted to take on more passengers. So finally he started moving, and he kept looking up in the mirror and he kept saying to keep moving, to keep moving to the back, keep moving to the back.

"Q. And while that was going on, what happened?

"A. He came to a very severe stop. I have been on several buses, but I have never been on a bus that had stopped like that."

There is sufficient testimony present to permit a jury to find that the driver breached the duty he owed to plaintiff by not observing the street before him. The jury could find that had he been watching the street instead of looking in the mirror, he might have seen the woman more quickly and thus averted the alleged emergency.

We find that a question for the jury was presented in this case and the judgment under review is, therefore, reversed, and the case is remanded to the Law Division for a new trial.