400 F.2d 190
 Vear Anne SCHRANNER, Administratrix of the Estate of William
Schranner, Jr., Deceased
v.
WHEELING STEEL CORPORATION, a Delaware corporation,
Appellant, v. Carol SARVER, Administratrix of the
Estate of Robert Sarver, Deceased.
Vera Anne SCHRANNER, Administratrix of the Estate of William
S. Schranner, Deceased
v.
WHEELING STEEL CORPORATION, a Delaware Corporation,
Appellant, v. Carol SARVER, Administratrix of the
Estate of Robert Sarver, Deceased.
Carol SARVER, Administratrix of the Estate of Robert Sarver, Deceased
v.
WHEELING STEEL CORPORATION, a Delaware Corporation,
Appellant, v. Vera Anne SCHRANNER, Administratrix
of the Estate of William Schranner, Deceased.
 Nos. 16987 to 16989.
 United States Court of Appeals Third Circuit.
 Argued June 17, 1968.
Decided Aug. 28, 1968.
 
 Raymond G. Hasley, Rose, Schmidt & Dixon, Pittsburgh, Pa. (Peter S. Wellington, Pittsburgh, Pa., on the brief), for appellant.
 John M. Feeney, Harrington, Feeney & Schweers, Harry Zimmer, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa. (McArdle & McLaughlin, Pittsburgh, Pa., on the brief), for appellees.
 Before KALODNER and VAN DUSEN, Circuit Judges, and WRIGHT, District judge.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 These appeals challenge judgments entered on jury verdicts in three jointly-tried actions under the Pennsylvania Wrongful Death Act, 12 P.S. 1601, and Survival Act, 20 P.S. 320.603, resulting from the deaths of appellees' decedents following the capsizing of a small boat in the Allegheny River on April 26, 1964. The small boat was carried under defendant's barges when the allegedly negligent operation of the propellers of a tug, owned and operated by appellant, caused the accident to the small boat and the resultant tragedy. An examination of the record has covinced us that the evidence justifies those parts of the jury's verdicts finding the appellant negligent and liable for this accident.
 
 
 2
 Although the amounts of the verdicts do not appear excessive, see Lebeck v. William A. Jarvis, Inc., 250 F.2d. 285 (3rd Cir. 1957), we have concluded that the judgments under the Wrongful Death Act in the case (C.A. 64-674-- Appeal No. 16987) of the minor and in the cases (C.A. 64-675 & 64-676-- Appeals Nos. 16988 and 16989) of the deceased adults must, regrettably, be set aside and the cases remanded for a new trial on the damage issues under the Wrongful Death Acts due to the failure of the jury to reduce amounts awarded for probable future earnings to present worth.[1] See Jamison v. A. M. Byers Company, 330 F.2d 657, 662 (3rd Cir. 1964). The Pennsylvania appellate courts have repeatedly held that awards for probable future earnings must be reduced to present worth. See Littman v. Bell Telephone Co., 315 Pa. 370, 172 A. 687, 690 (1934); Bingler v. Hopper,336 Pa. 58, 7 A.2d 351 (1939); Murray v. Philadelphia Transp. Co., 359 Pa. 69, 72-74, 58 A.2d 323, 325-326 (1948); Brodie v. Philadelphia Transportation Company, 415 Pa. 296, 203 A.2d 657 (1964). Although the charge directed the jury to make such a reduction,[2] the Verdict forms submitted by the trial judge to the jury, as filled in by the jury, make clear that no such reduction was made.[3]
 
 
 3
 Unfortunately, as explained in footnote 2, the notes of the court reporter covering the instructions to the jury when they returned, after several hours of deliberation, with the Verdict forms are not available, but the verdict forms containing the itemizations in footnote 3 above are in the record.[4] The itemized Wrongful Death Act verdict forms in the cases of the two deceased adults were rejected by the trial judge, who sent the jury out with instructions to bring back a verdict in one lump sum in each of those two cases. New Verdict forms were returned by the jury in these two cases, but these new lump sum verdicts were the exact total of the itemized amounts on the Verdict forms originally returned by the jury, so that it is clear that the second verdicts did not contain any allowance for reduction to present worth of the items described in footnote 3.[5]
 
 
 4
 Under these most unusual circumstances, a new trial of the damage issues under the Wrongful Death Act in the cases of the adult decedents (see footnote 1) will be necessary unless plaintiffs in those cases will remit such portion of the verdicts under those Acts as counsel may be able to agree, or the court may determine on a supplemental record (see computations at pp. 37 and 39-40 of defendant's brief), are necessary to reduce the amounts awarded for probable future earnings (see footnote 3) to present worth. See Dimick v. Schiedt, 293 U.S. 474, 482-488, 55 S.Ct. 296, 79 L.Ed. 603 (1935); Neese v. Southern Railway Co., 350 U.S. 77, 76 S.Ct. 131, 100 L.Ed. 60 (1955); Boldurian v. A/B Svenska Amerika Linien, 246 F.Supp. 413, 418 (E.D.Pa.1965). In view of the possibility of such a remittitur, these cases (Nos. 16988 and 16989) will be remanded to the District Court with directions to either reduce the assessments of damages under the Wrongful Death Act in accordance with the reduction to present worth principle as described above, if the plaintiffs so agree, or to vacate those portions of the District Court judgments entered December 16, 1966, awarding damages in each of these cases under the Wrongful Death Act and to hold a new trial to determine the damages under such Act.
 
 
 5
 Although the failure of the verdict in the minor's case (No. 16987) to make any reduction to present worth in the award of loss of earnings for the years 1973-1975 (when the minor, 9 years old at the time of his death, would have been 18-21) might be corrected by a remittitur of the type described above, the Wrongful Death damage award in the minor's case must be set aside because the record in that action discloses, in addition, that there was no deduction from the minor's probable earnings of $2600, a year from age 18-21 (footnote 3) of the cost to the parents of such minor's maintenance. See Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549, 553 (1930). The original charge did not discuss the application of the Wrongful Death Act to the deceased minor's case, but when this omission was called to the trial judge's attention, he stated out of the presence of the jury that he would instruct the jury as follows:
 
 
 6
 'In an action for wrongful death of a minor child, the measure of damages is the funeral and medical expenses and the minor's earnings to age 21, minus his maintenance, reduced to such net earnings at their present worth.'
 
 
 7
 As noted above, the supplemental charge to the jury does not appear in the record but, assuming this charge was given, the absence of any deduction for expenses on the Verdict form gives a strong indication that no deduction for such maintenance was made in this case, since in the Verdict forms returned in the case of the adult decedents by the same jury at the same time there were noted deductions from probable future earnings of maintenance expenses (see footnote 3).
 
 
 8
 For the foregoing reason, that part of the District Court judgment entered December 16, 1966, and appealed from in No. 16987, awarding damages under the Wrongful Death Act, will be set aside and this case will be remanded for a new trial to determine the damage issues under such Act. As stated above, the causes at Appeal Nos. 16988 and 16989 will be remanded to the District Court with direction that the judgments under the Wrongful Death Act appealed from in those cases either be reduced by remittitur or vacated with provision for a new trial to determine the damages under such Act. The separate parts of the judgments for damages under the Survival Act are not challenged and will not be vacated.[6]
 
 
 
 [1]
 As noted below, the necessity of a new trial may be avoided in the cases of the adult decedents (C.A. 64-675 in the District Court, being No. 16,988 in this court, and C.A. 64-676 in the District Court, being No. 16,989 in this court) if plaintiffs agree to a remittitur
 
 
 [2]
 Although the District Court order of 9/15/67 recites that 'some of the court reporter's notes have disappeared', that order states that the court and counsel concede the accuracy of defense counsel's statement that 'further instructions' were given to the jury after counsel commented on the charge, including 'a charge to present worth,' that the jury deliberated from 12:30 P.M. to 9:10 P.M., when the first jury verdicts were returned, and that the 'Court stated to the jury that there was some question about their arithmetic (in the Wrongful Death Act verdicts) and whether or not they intended to add the total figures together. The jury was then instructed that they should retire to the jury room and write a new verdict slip in the two wrongful death actions with the total amount of the award, not specifying the details thereof. Then the jury retired and in a short period of time returned with the new verdicts which showed the total figure consisting of the addition of the earlier figures. * * * The court ordered the original verdicts impounded and then dismissed the jury.'
 
 
 [3]
 In the deceased minor's case, the Wrongful Death Act verdict form states 'Estimated income from Age 18-21 at $2600. per year * * * $7,800.' and judgment was entered on the verdict for $7,800.00. In C.A. 64-675, the Wrongful Death Act verdict form (filed in a sealed envelope on 12/16/66) contains this item, which was part of the total yerdict and judgment of $122,142.86 as finally entered:
 "Earnings to age 65 $123,750.00
Less 1/7 Pers. Exp. (personal
 expenses) 17,678.57
 ------------
Present Value $106,071.43"
 The record shows that the '$123,750.00' was 16 1/2 (Schranner would have been 48 1/2 at the time of trial) times $7,500., (the figure argued by counsel for plaintiff in his closing). In C.A. 64-676, the verdict form (filed in a sealed envelope on 12/16/66) contains this item, which was part of the total verdict and judgment of $160,875.00 as finally entered:
 "Earnings 12/15/66 to 65
 at $6,000 per yr. $201,000.00
Less 1/4 Per. Exp. 50,250.00
 ------------
Present Val. $150,750.00"
 
 
 [4]
 Upon statement of no objection by counsel for appellees, the Motion To Unseal Verdict Slips filed by appellant in this court on June 11, 1968, was granted at the time of the argument on June 17, 1968, and the original Verdicts in the actions by the personal representatives of the deceased adults were examined and resealed on that day in the impounded envelope originally filed in the District Court on 12/16/66
 
 
 [5]
 There is no evidence, or contention, that the trial judge reminded the jury of the necessity of reducing the awards for probable loss of future earnings, less expenses of maintenance, to present worth when the jury was sent out a second time to bring back new verdicts in C.A. 64-675 and 64-676 (see statement of defense counsel referred to in footnote 2)
 
 
 [6]
 These parts of the judgments were based on Verdict forms returned by the jury awarding only funeral expenses which amounted to $1304.00 in C.A. 64-674, $625.00 in C.A. 64-675, and $675.00 in C.A. 64-676